856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard EPPS, Defendant-Appellant.
 No. 86-5683.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: Aug. 24, 1988.
 
 C. David Whaley (Stuart R. Blatt, Rudolph R. Hill, Jr., on brief), for appellant.
 Peter M. Semel, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Charles P. Scheeler, Assistant United States Attorney; Timothy J. Doory, Special Assistant United States Attorney; Stephen Haynie, First Year Law Student, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Leonard Epps appeals his conviction for conspiracy to violate civil rights, 18 U.S.C. Sec. 241, witness tampering, 18 U.S.C. Sec. 1512, retaliating against a witness, 18 U.S.C. Sec. 1513, and use of a firearm in a crime of violence, 18 U.S.C. Sec. 924(c).[1] He contends that the trial court erred in admitting certain evidence and in instructing the jury. Epps also argues that the court should have granted him a severance, and that the court erred in denying a new trial based on newly discovered evidence. We affirm.
 
 
 2
 This case arose from the September 2, 1985, slaying of William Player, a government informant. The evidence at trial showed that on August 29, 1985, a federal grand jury returned an indictment against Maurice Proctor, charging him with heroin distribution. The basis for the indictment was on August 19, 1983, sale to Player, which was recorded by law enforcement officers via a microphone which Player agreed to wear. Proctor learned of the indictment on August 30, 1985, when he was arraigned on a different charge. Three days later, Player was shot to death at point-blank range as he sat on his porch. Proctor, Epps, and co-defendant Timothy Wallace were charged in connection with the slaying. Because of delays occasioned by difficulty in securing representation for Epps, his case was severed. The trial of Wallace and Proctor resulted in a conviction for Wallace and a mistrial for Proctor. Proctor and Epps were tried together in the second trial.
 
 
 3
 At the second trial, the district court admitted into evidence the prior trial testimony of Nathan Fields. Before admitting this testimony, the district court made a finding that the government had made reasonable efforts to obtain the presence of Fields. The court then admitted Field's prior testimony pursuant to Rules 804(a)(5) and 804(b)(1) of the Federal Rules of Evidence. We detect no error in these rulings. United States v. Grandison, 783 F.2d 1152 (4th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 160 (1986). Further, as to Epps' objection, because Field's testimony did not implicate Epps, there is no foundation for Epps' claim that his right to confrontation was violated.
 
 
 4
 Epps also contends that the court erred in admitting the grand jury testimony of the decedent, William Player, and a tape recording of the 1983 drug transaction between Proctor and Player. Player's grand jury testimony was properly admitted under Rule 804(b)(5) of the Federal Rules of Evidence. United States v. West, 574 F.2d 1131 (4th Cir.1978). The tape recording was important evidence of motive, and the district court decided that the danger of undue prejudice could be cured by cautionary instructions. We find no clear error in the court's decision. United States v. Masters, 622 F.2d 83 (4th Cir.1980).
 
 
 5
 Epps further claims that the government intentionally suppressed exculpatory evidence and used evidence that it should have known was false. He alleges that two female government agents interviewed Edwin Tucker in connection with this case and learned that his testimony would discredit the testimony of government witnesses, whereupon the government failed to disclose the interview to defense counsel. These allegations were addressed by the district court when it ruled on the motion for a new trial. The court made a factual finding that no statement was taken from Tucker by government agents. The court further found that Tucker's proffered testimony was not newly discovered evidence and that in any event, such testimony would be cumulative and impeaching and would not probably produce an acquittal. We see no basis for overturning these findings.
 
 
 6
 A review of the record convinces us that the jury was properly instructed as to the elements of the offenses charged and that there was sufficient evidence to convict Epps on those charges. United States v. MacCloskey, 682 F.2d 468 (4th Cir.1982). We also find that Epps' motion for severance was properly denied. United States v. Becker, 585 F.2d 703 (4th Cir.1978), cert. denied, 439 U.S. 1080 (1979).[2]
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This case was originally consolidated with the appeal in United States v. Proctor, No. 86-5682, but was later severed
 
 
 [2]
 The panel considered and found no merit in the assignments of error not discussed