896 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jan EVANS, Defendant-Appellant.
 No. 89-5122.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 14, 1989.
Decided: Jan. 30, 1990.
 
 R. Lee Booten, II, on brief, for appellant.
 Michael W. Carey, United States Attorney; S. Benjamin Bryant, Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jan Evans was indicted, tried, and convicted in a jury trial for violations of 21 U.S.C. Secs. 846 (conspiracy to distribute cocaine) and 841(a)(1) (possession of cocaine with intent to distribute), and 18 U.S.C. Sec. 2 (aiding and abetting). Evans appeals to this court alleging that the government failed to disclose material exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Evans also alleges that she was denied effective assistance of counsel. Evans finally argues that she was denied a speedy trial. For the following reasons, we affirm.
 
 
 2
 * The evidence against Evans established that, on each of two occasions, FBI Special Agent Turner, operating undercover, purchased approximately one ounce of cocaine from Pam Spurlock, whom the original indictment had named as one of Evans' co-conspirators, but who remains unapprehended. On each occasion, Turner would meet with Spurlock at a bar in Kenova, West Virginia. Spurlock would then telephone Evans and ask Evans to deliver Agent Turner's cocaine. Although Agent Turner neither spoke with Evans, nor directly observed Evans handing the cocaine to Spurlock, Agent Turner did observe Spurlock walk to the car where Evans and co-defendant David Gue were seated, converse with Evans, tuck something into her shirt, and return to Agent Turner with cocaine. Co-defendant David Gue's trial testimony corroborated Agent Turner's testimony, and Gue further testified that Evans had, in fact, handed Spurlock the cocaine.
 
 II
 
 3
 Evans first argues that the government violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963), by allegedly failing to disclose the existence of the following purportedly exculpatory evidence: (1) the existence of co-defendant Gue's prior municipal court misdemeanor convictions for assault, assault and battery, battery, fighting, destruction of property, and possession of marijuana; (2) a statement by David Effingham that Gue had dealt cocaine.
 
 
 4
 In order to establish a Brady violation, Evans had to show that the undisclosed evidence created a reasonable doubt that did not otherwise exist. See United States v. Alexander, 789 F.2d 1046, 1049-50 (4th Cir.1986). Evans has failed to make such a showing. Turning first to the allegedly withheld prior convictions, under Fed.R.Evid. 609, Gue's municipal court convictions could not have been used to impeach him because they were misdemeanors not involving dishonesty or false statement. Moreover, direct examination revealed Gue's previous guilty plea to a narcotics felony charge. Even if the municipal court misdemeanor convictions had been admitted, it is difficult to see how the jury's awareness of these convictions could have had any possible effect on the outcome of the trial. Regarding Effingham's statement that Gue had dealt cocaine, this evidence was established by Gue himself on direct examination. The allegedly undisclosed evidence, even if material, would not have affected the outcome of the trial and is therefore harmless.
 
 III
 
 5
 Evans next contends that she was denied effective assistance of counsel. Because Evans never presented her ineffective assistance claim in the district court for an evidentiary hearing under 28 U.S.C. Sec. 2255, and because the alleged ineffectiveness does not appear on the trial record itself such as to warrant our consideration of this issue without a 28 U.S.C. Sec. 2255 evidentiary hearing, Evans' claim is not properly before this court. See United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.1986).
 
 IV
 
 6
 Evans' final contention that she was denied a speedy trial is, as Evans admits in her brief, without support, and we therefore reject it.
 
 
 7
 Accordingly, for the reasons given, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the court and argument would not aid in the decisional process.
 
 
 8
 AFFIRMED.