986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Oscar RICO, Defendant-Appellant.
 No. 91-5409.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993
Decided: February 25, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CR-90-232)
 Francis Marion Kirk, Charleston, South Carolina, for Appellant.
 Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oscar Rico entered a guilty plea to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992). He was sentenced to 235 months imprisonment, five years of supervised release, and a special assessment of $50. Rico noted a timely appeal, and his attorney filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal and requests permission to withdraw as counsel. Rico has filed a supplemental brief.
 
 
 2
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm.
 
 
 3
 Rico asserts in his supplemental brief that he received ineffective assistance of counsel in entering his guilty plea because of a conflict of interest and that he would have gone to trial but for his attorney's "fraud and deceit." This Court usually requires claims of ineffective assistance of counsel to be first presented to the district court in a proceeding under 28 U.S.C. § 2255 (1988). United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). In some cases, this Court will hear an ineffective assistance claim without a prior evidentiary hearing when the ineffectiveness appears on the trial record itself. Id. This is not such a case. Rico is still free to apply to the district court for relief unders 2255 on this claim.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client.*
 
 
 5
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 AFFIRMED
 
 
 *
 We deny counsel's motion to withdraw