952 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roshawn KINARD, Defendant-Appellant.
 No. 91-5637.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1992.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roshawn Kinard appeals his conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1). Kinard submits that the district court erred in admitting certain evidence against him and that there was insufficient evidence to support his conviction. We affirm.
 
 
 2
 * On October 12, 1990, Kinard and his passenger, Tamieko Robinson, were pulled over by two Memphis police officers for speeding. The officers observed two mobile telephone units, one of which was operational and plugged into the dashboard while the other lay disconnected on the floorboard. The officers asked Kinard and Robinson to exit the vehicle. Robinson opened the passenger side door, revealing a marijuana pipe in a door compartment. The officers found a number of razor blades on the passenger side floorboard and, in the rear of the vehicle, a black nylon pistol bag containing a loaded .38 caliber gun. Kinard was in possession of $1,300.00. The officers also discovered a plastic bag containing a total of 219.5 grams of crack cocaine.
 
 II
 A. Drug Paraphernalia
 
 3
 The trial court admitted into evidence the marijuana pipe and the razor blades. Despite Kinard's objections, the court also admitted expert testimony regarding the use of razor blades as drug paraphernalia.
 
 
 4
 Kinard describes the drug paraphernalia as irrelevant and prejudicial. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. We view the disputed evidence in the context of all evidence admitted. United States v. Rey, 923 F.2d 1217 (6th Cir.1991).
 
 
 5
 Possession of drug paraphernalia is highly probative of possession with the intent to distribute cocaine. Since this evidence strongly suggests Kinard's involvement in the drug trade, its probative value is not substantially outweighed by a danger of unfair prejudice. See Fed.R.Evid. 403; United States v. Crespo De Llano, 838 F.2d 1006, 1018 (9th Cir.1987).[1]
 
 B. Mobile Telephone Units
 
 6
 Kinard also considers evidence of the car phones inadmissable. Where the error is not of constitutional dimension, it is harmless unless it is more probable than not that the error materially affected the verdict. United States v. Neuroth, 809 F.2d 339, 342 (6th Cir.1987) (en banc). Considering "the overall weight of the evidence indicating guilt," id., any error in admitting the car phones was harmless.
 
 III
 
 7
 Kinard claims that there was insufficient evidence to support his conviction. Our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 There was more than sufficient evidence to support Kinard's conviction. Kinard clearly exercised dominion and control over the vehicle in which the cocaine was discovered. This alone supports an inference of guilt. See United States v. Vergara, 687 F.2d 57, 62 (5th Cir.1982) ("One who owns or possesses dominion and control over a motor vehicle in which a contraband substance is concealed may be deemed to possess the contraband.").
 
 
 9
 Kinard also possessed an inexplicably large amount of cash at the time of his arrest. He testified that he earned approximately $600 per month and that his monthly rent and car payment totaled $550. At the time of his arrest, he had $1300 in cash on his person. This evidence is probative of possession with intent to distribute cocaine. See United States v. Grandison, 783 F.2d 1152 (4th Cir.1986); cf. Crespo De Llano, 838 F.2d at 1018.
 
 
 10
 Kinard's possession of a pistol is additional evidence of an intent to distribute cocaine. See United States v. Blackman, 897 F.2d 309, 317 (8th Cir.1990). The prosecution's evidence is clearly sufficient to support Kinard's conviction.
 
 IV
 
 11
 Finally, Kinard alleges that the prosecutor made a prejudicial misstatement during her closing argument. The prosecutor attributed to Kinard a statement that had not been admitted into evidence. Defense counsel immediately objected to the prosecution's reference to Kinard's statement. The prosecutor apologized, acknowledging to the jury that the alleged statement was not in evidence. After the prosecutor's closing argument, the judge instructed the jury to disregard the alleged statement of Kinard, that the statements of counsel are not evidence, and that jurors should be guided by their own recollection of the evidence not the recollection of counsel.
 
 
 12
 The Supreme Court has ruled that "[i]nappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. Instead, ... the remarks must be examined within the context of the trial to determine whether [they] amounted to prejudicial error." United States v. Young, 470 U.S. 1, 11-12 (1985). See United States v. Ashworth, 836 F.2d 260, 267 (6th Cir.1988) (Any slight prejudice to the defendant caused by a prosecutor's misstatement was "neutralized" by the court's cautionary instruction to the jury.).
 
 
 13
 In light of overwhelming evidence of Kinard's guilt, it is improbable that the prosecutor's comment caused any prejudice. Any residual prejudice was neutralized by both the court's corrective instruction--which went beyond that given in Ashworth--and by the prosecutor's own apology and admission to the jury.
 
 
 14
 Kinard's conviction is affirmed.
 
 
 
 [1]
 The testimony of Officer Ballard as an expert regarding the use of razor blades in the distribution of cocaine was also proper. Under Fed.R.Evid. 702, the trial court has broad discretion to admit expert testimony regarding " 'scientific, technical, or other specialized knowledge' if it 'will assist the trier of fact.' " See United States v. Ginsberg, 758 F.2d 823, 830 (2d Cir.1985) (expert testimony of police officer regarding the use of beepers by narcotics dealers properly admitted)