956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maur Jeffrey Loche ROTHSCHILD, Defendant-Appellant.
 No. 91-5267.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 9, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-90-26-D)
 John Everette Noland, Jr., Raleigh, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maur Jeffrey Loche Rothschild appeals his convictions for four violations of 18 U.S.C.A. § 1014 (West Supp.1991). Rothschild argues on appeal that counsel was ineffective for failing to renew at trial a motion for a hearing on his competency to stand trial. Additionally, he argues that the court should have ordered such a hearing sua sponte and that the court erred in denying his continuance motion. We find these contentions to be without merit, and we affirm the convictions.
 
 
 2
 Rothschild was born Mauro Cortez, Jr., in 1952. By court order dated December 18, 1975, Cortez changed his name to Rothschild. In 1987 he applied for various loans and credit cards. On his applications, he misrepresented his date of birth and led the lenders to believe that he in fact was a member of the wealthy Rothschild family.
 
 
 3
 After Rothschild entered a not guilty plea, the district court ordered that Rothschild undergo psychiatric evaluations pursuant to 18 U.S.C. §§ 4241, 4242 (1988). Following examination at FCI Butner, Rothschild was found competent to stand trial because he was not suffering "from a mental disease or defect that would interfere with his ability to stand trial." A motion for an additional evaluation on the ground that examiners at Butner were biased was filed and summarily denied. At a hearing held approximately one month after issuance of the psychiatric report and one week before trial, counsel was afforded the opportunity to contradict the findings made at Butner. Counsel stated that there was no such contradictory evidence.
 
 
 4
 Rothschild contends that his conviction should be reversed because counsel was ineffective since he did not renew at trial his motion for an independent hearing on the issue of competency. Claims of ineffectiveness of counsel may be raised on direct appeal only if ineffectiveness plainly appears from the face of the record. United States v. Grandison, 783 F.2d 1152, 1157 (4th Cir.), cert. denied, 479 U.S. 845 (1986). In this case, no such plain error appears. A report from Butner issued roughly six weeks prior to trial stated that Rothschild was competent to stand trial. At the hearing one week before trial, counsel had no evidence that would bring into question that conclusion. Finally, Rothschild's behavior and testimony at trial did not suggest incompetency.
 
 
 5
 For these same reasons, the district court committed no error when it did not sua sponte order a hearing on the competency issue. The court did not have "reasonable cause to believe that [Rothschild was] suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." See Hernandez-Hernandez v. United States, 904 F.2d 758, 760 (1st Cir.1990).
 
 
 6
 We find no abuse of discretion in the court's denial of a continuance motion, through which Rothschild hoped primarily to gain evidence of his mental state at the time of the crimes. We agree with the district court that Rothschild had ample time to discover the information specified in the continuance motion.
 
 
 7
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The convictions are affirmed.
 
 
 8
 AFFIRMED.