972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt Frederick KNONEBERG, Defendant-Appellant.
 No. 92-5111.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 17, 1992
Decided: August 10, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-162-2)
 Cheryl A. Wheeler, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 On January 15, 1991, a jury in the Northern District of West Virginia found appellant Kurt Frederick Knoneberg guilty on two counts: first, of conspiring to possess marijuana with intent to distribute it, in violation of 21 U.S.C. § 846; and second, of possessing marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). On January 31, 1992, the district court sentenced Knoneberg to forty-one (41) months of prison, and required him to pay a fine of one-thousand dollars ($1,000).
 
 
 2
 Knoneberg now appeals his convictions. He makes two arguments. First, Knoneberg contends that his lawyer performed so inadequately at trial that he deprived Knoneberg of his Sixth Amendment rights to effective assistance of counsel and to a fair trial. Second, Knoneberg contends that the evidence presented at trial was insufficient as a matter of law to support the jury's verdict.
 
 
 3
 It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C. § 2255, so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir. 1986); United States v. Percy, 765 F.2d 1199, 1205 (4th Cir. 1985); United States v. Mandello, 426 F.2d 1021, 1022-23 (4th Cir. 1970). There is no reason here to depart from this customary practice, because this is not a case where ineffectiveness is apparent from the trial record itself. See Grandison, 783 F.2d at 1156-57.
 
 
 4
 As to appellant's second argument, we have reviewed the record and conclude that there was sufficient evidence presented at trial to support his convictions. The judgment of the district court is therefore
 
 
 5
 AFFIRMED.