991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Lewis BARBER, Defendant-Appellant.
 No. 92-5667.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., Chief District Judge. (CR-92-88-S)
 Danny T. Ferguson, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Frank Lewis Barber was convicted by a jury of possession of crack cocaine with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp. 1992) and carrying and use of a firearm in a drug trafficking crime (18 U.S.C.A. § 924(c) (West 1976 & Supp. 1992)). He appeals his conviction and sentence. We affirm.
 
 
 2
 After a routine traffic stop in Lexington, North Carolina, Barber was found to be driving on an expired license and also carrying 101 individually-wrapped pieces of crack in a small brown bottle, $1229 in cash, and a loaded semi-automatic pistol in a shoulder holster. Barber was placed under arrest and transported to the courthouse, where a small white bottle containing 191 individually-wrapped pieces of crack was discovered in his jacket pocket; this bottle also contained a phone number written on a piece of paper.
 
 
 3
 Barber then gave a statement to North Carolina State Bureau of Investigation (SBI) Agent Cullop. He said he had gone to see a girl named Francine who had a dog for sale. As he was leaving, she gave him her phone number in a bottle wrapped in a paper towel and told him to call her later. Barber said he did not know the bottle contained crack, although he had used the paper towel to blow his nose before being stopped. He said he won the cash gambling the day before and had bought the gun from his brother three weeks before. He said the jacket belonged to another brother, and he had not known there was a bottle of crack in the pocket. At the agent's direction, Barber twice asked for Francine when the agent dialed the phone number, but was told each time that he had a wrong number.
 
 
 4
 During his trial, Barber's story was somewhat different. He said he had won the money and bought the gun on the same day he went to see Francine. He said that he asked her for some tissue to wipe his eyes, and that she gave him a wad of tissue and he put it in his pants pocket without realizing that a bottle containing crack was inside the wad. He denied telling the agent that Fran had put her phone number inside the brown bottle. He again said he had not known there was a second bottle of crack in the jacket pocket.
 
 
 5
 A chemist for the SBI testified that the crack Barber was carrying totalled 45.2 grams. Over defense objection, Agent Cullop testified that the approximate street value of the crack was not less than $7000. After Barber's conviction, and again at his sentencing, the district court expressed its view that Barber had committed perjury in his testimony. His sentence was increased for obstruction of justice. United States Sentencing Commission, Guidelines Manual § 3C1.1 (Nov. 1991).
 
 
 6
 On appeal, Barber first characterizes Agent Cullop's testimony about the approximate street value of the crack Barber was carrying as purely speculative, and contends that the district court abused its discretion in admitting it. However, the agent had considerable experience with controlled buys of crack in the area, including dispensing the funds for the buys and monitoring the transactions. His testimony was offered to show that the amount of crack Barber possessed was more than a user quantity. We find no abuse of discretion in the admission of the agent's expert testimony.
 
 
 7
 Barber maintains that there was insufficient evidence to support the jury's verdict that he knowingly possessed the crack or intended to distribute it. Therefore, he argues that there could not be a conviction on the charge of carrying or using a firearm in a drug trafficking crime. A jury verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Our review of the record discloses that a reasonable jury could find that Barber possessed the crack with the intent of distributing it, and carried the gun to facilitate the offense.
 
 
 8
 Barber also contends that the district court erred in failing to make specific findings supporting its conclusion that he committed perjury and in enhancing his base offense level for obstruction of justice. He argues that the court improperly relied on his denial of guilt at trial to make the enhancement. Under United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993), decided since Barber's sentencing, an adjustment for obstruction of justice is correctly given when the district court makes a finding that the defendant willfully gave false testimony on material matters with the intention of affecting the outcome of the case.
 
 
 9
 In this case, the district court found at sentencing that Barber's testimony was "not even consistent within itself" and "inherently incredible," and it made the finding that Barber had committed perjury. Although the court did not specify in what ways Barber's testimony was inconsistent or why it was not credible, it is clear from the trial record that the court was referring to Barber's assertion that he did not know he was carrying almost three hundred pieces of crack cocaine packaged for sale, and his varying explanations of how this could occur. On this record, the court's finding was adequate, and is not clearly erroneous.
 
 
 10
 Finally, Barber alleges that his attorney was ineffective in four respects: (1) failing to object to the admission of evidence obtained in an illegal stop, arrest, search and seizure; (2) failing to question the government's evidence as to the quantity of crack cocaine; (3) failing to advise him to plead guilty and seek a departure under section 5K1.1; (4) failing to advise him that a failure to testify would not be held against him. Alternatively, he alleges that the trial court erred in each instance. We do not reach claims of ineffective assistance on direct appeal unless ineffectiveness conclusively appears from the record, which is not the case here. United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). Such claims may be raised in a motion under 28 U.S.C. § 2255 (1988). Regarding the merits of the above claims, we perceive no plain error on the part of the district court.
 
 
 11
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED