991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Gerald UNDERWOOD, Defendant-Appellant.
 No. 92-5704.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-9-1)
 Phillip A. Scantlebury, KATZ, KANTOR & PERKINS, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Tony Gerald Underwood entered a guilty plea to one count of conspiring to distribute oxycodone (Tylox) from December 1990 to on or about the date of the indictment in January 1992. Underwood appeals his career offender* sentence and contends that the district court abused its discretion in denying his motion to withdraw his guilty plea after the presentence report was prepared. He further alleges that he received ineffective assistance of counsel. We affirm.
 
 
 2
 Underwood had two prior state felony convictions for distribution of marijuana and one for distribution of dihydrocodeinone and diazepam, for which he had received very light sentences. Before the presentence report was prepared, defense counsel and the government were uncertain whether Underwood qualified as a career offender. However, at the time he entered his guilty plea in the current offense in April 1992, Underwood and his attorney believed that he would be in criminal history category II and have a guideline range of about twenty-four to thirty months. Underwood also hoped to earn a reduction for substantial assistance.
 
 
 3
 In June 1992, the probation officer recommended that Underwood be sentenced as a career offender. Underwood did not object to his career offender classification. His sentencing was delayed to permit him to continue his cooperation with the government. However, in September 1992, after learning that the government would not make a substantial assistance motion, Underwood moved to withdraw his guilty plea. He alleged that there had been a mutual mistake by the government and the defense as to the applicable guideline range at the time he entered his plea, and asserted that the government had failed to disclose his entire criminal record.
 
 
 4
 After holding a hearing and considering the motion in light of our decisions in United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992) (in banc), and United States v. Moore, 931 F.2d 245 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991), the district court found that Underwood had shown no fair and just reason for withdrawal of his guilty plea. We find that the court did not abuse its discretion in so ruling.
 
 
 5
 Underwood did not show that his plea was unknowing and involuntary. He was advised of the possibility of a career offender sentence early in the proceedings. His attorney conceded at the hearing on the motion to withdraw that the government complied with Underwood's discovery request and that his prior record was known; the only question was whether he was a career offender. He was advised at the Fed. R. Crim. P. 11 hearing what his maximum sentence could be, that the guideline range could not be predicted until the presentence report was prepared, and that the district court would ultimately determine his sentence.
 
 
 6
 In moving to withdraw his plea after a delay of five months, Underwood did not assert his innocence or challenge the adequacy of the Rule 11 hearing. In these circumstances, defense counsel's erroneous estimate of the guideline range was not in itself a fair and just reason for withdrawal of the guilty plea. Lambey, 974 F.2d at 1395.
 
 
 7
 Underwood also maintains that his attorney was ineffective in failing to predict a career offender sentence and in failing to negotiate a different plea agreement which would have avoided a finding that Underwood was a career offender. He further alleges that his attorney was ineffective during sentencing in failing to make objections to the presentence report or to move for a downward departure under guideline section 4A1.3. We do not consider claims of ineffective assistance on direct appeal unless ineffectiveness conclusively appears in the record. United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). This is not such a case.
 
 
 8
 Finally, Underwood claims that the district court erred in applying the 1991 guidelines because his offense was not shown to have continued past November 1, 1991; he alleges that under the 1990 guidelines his prior offenses would have been treated as related cases and therefore he would not have been sentenced as a career offender. Because no objection to use of the 1991 guidelines was made in the district court, the issue is not properly presented on appeal. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). We find no plain error in the application of the 1991 guidelines.
 
 
 9
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1991)