**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SUAFALA WILLIAMS, Defendant.**

High Court of American Samoa
Trial Division

CR No. 57-99

April 24, 2000

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
For Defendant, Tautai A.F. Fa`alevao

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OR NEW TRIAL

Defendant Suafala Williams ("Williams") was convicted by a jury of unlawfully discharging a firearm and two counts of possession of a controlled substance. Williams filed a motion for reconsideration or new trial claiming that his conviction on the two controlled substance counts violates the double jeopardy clause of Article I, Section 6 of the Revised Constitution of American Samoa.

The facts necessary to resolve this motion are few. When Williams was apprehended by the police, a lawful search produced both marijuana and

methamphetamine on his person. Plaintiff, the American Samoa Government ("ASG"), accordingly charged Williams with two counts of possession of a controlled substance under A.S.C.A. § 13.1022. At trial Williams requested a jury instruction to the effect that possession of the two controlled substances could give rise to only one count of possession. We declined to do so, and the jury convicted Williams of, *inter alia*, the two counts of possession at issue. Williams seeks reconsideration or new trial on the basis that our failure to instruct the jury per his request was erroneous and violative of constitutional protections against double jeopardy.

 Under A.S.C.A. § 13.1022, it is "unlawful for a person to possess a controlled substance." Marijuana and methamphetamine are both controlled substances as defined by statute. Marijuana is classified as a hallucinogen by A.S.C.A. § 13.1006, while methamphetamine is defined as a stimulant under § 13.1009.

 The motion before us requires only an elemental exercise in statutory interpretation. "The starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" *Kaiser Aluminum v. Bonjorno*, 494 U.S. 827, 835 (1990) (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). A.S.C.A. § 13.1022 makes it illegal to possess "a controlled substance," rather than "one or more controlled substances." In its use of the singular, rather than the plural, the clear language of the statute makes the possession of one controlled substance an offense. Logically, possession of two controlled substances must give rise to two offenses. The language of the statute being conclusive, there is no need to delve into the murky depths of legislative intent.

Furthermore, Federal Courts of Appeals examining this issue have unanimously agreed with the above interpretation when examining identical language in 21 U.S.C. § 841(a)(1) regarding the possession of controlled substances. *See United States v. Richardson*, 86 F.3d 1537, 1553 (10th Cir. 1996); *United States v. Bonilla Romero*, 836 F.2d 39, 46-47 (1st Cir. 1987); *United States v. DeJesus*, 806 F.2d 31, 35-37 (2d Cir. 1986); *United States v. Grandison*, 783 F.2d 1152, 1155-1156 (4th Cir. 1986); *United States v. Davis*, 656 F.2d 153, 156-160 (5th Cir. 1981); *United States v. Pope*, 561 F.2d 663, 669 (6th Cir. 1977). Williams offers nothing on the issue to contradict this mountain of persuasive authority.

In sum, the clear language of A.S.C.A. § 13.1022 and its interpretation by numerous courts leads us to hold, as a matter of law, that multiple counts of possession may be founded upon the possession of multiple controlled substances. Our jury instructions were not, therefore,

erroneous.

For the foregoing reasons, defendant's motion for reconsideration or new trial is denied.

It is so ordered.