**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 00-4212

CATRA NELSON,
                *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 00-4236

TERRY BOCOOK,
                *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 00-4244

LEROY NELSON,
                *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CR-99-93)

Submitted: December 13, 2000

Decided: January 18, 2001

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

William E. Kiger, KIGER & SHAN, Parkersburg, West Virginia; Gregory J. Campbell, CAMPBELL & TURKALAY, Charleston, West Virginia; John R. McGhee, Jr., KAY, CASTO & CHANEY, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Catra Nelson, Leroy Nelson, and Terry Bocook were charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841 (West 1999), 18 U.S.C. § 2 (1994). They were tried together, and the jury convicted each Defendant on both counts of the indictment. Each Defendant was sentenced to 121 months in prison. Defendants each filed a timely appeal. We find no merit to their claims; consequently, we affirm.

I

Bocook argues that the district court erred by denying his motion for severance. Generally, defendants who are indicted together should be tried together, particularly when they have been charged with conspiracy. *United States v. Tipton*, 90 F.3d 861, 883 (4th Cir. 1996). At

the pretrial hearing, Bocook argued that severance was warranted because he planned to call Catra Nelson and Leroy Nelson as witnesses. However, Bocook failed to show that the Nelsons likely would testify and waive their Fifth Amendment privilege or that their testimony would be exculpatory. *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). Moreover, although he argued that the bulk of the evidence concerned the Nelsons, disparity in the evidence introduced against different defendants is a proper ground for severance only in extreme circumstances not present in this case. *United States v. Mitchell*, 733 F.2d 327, 331 (4th Cir. 1984). Consequently, we find that the district court did not abuse its discretion in denying Bocook's motion for severance.

## II

Leroy Nelson argues that the district court erred by failing to suppress evidence concerning the cocaine seized from the trunk of his girlfriend's car. It is undisputed that Nelson's girlfriend consented to the search of her car. Even if, as Nelson contends, his possession of the car keys gave him an expectation of privacy in the car, it did not terminate or overcome his girlfriend's concurrent authority to consent. *Cf. United States v. Carter*, 569 F.2d 801, 803-04 (4th Cir. 1977). Therefore, the district court properly denied Nelson's motion to suppress this evidence. *United States v. Raymond*, 152 F.3d 309, 311 (4th Cir. 1998) (providing standard of review).

## III

Next, Catra Nelson argues that the district court should not have admitted evidence of $53,050 in cash seized from his backpack at an airport during the time of the conspiracy. "[E]vidence of unexplained wealth is relevant in a narcotics prosecution as evidence of illegal dealings and ill-gotten gains." *United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986). In light of Nelson's failure to offer any plausible explanation for his possession of this cash, we find that the district court did not abuse its discretion by admitting testimony about this unexplained wealth. *United States v. Hassouneh*, 199 F.3d 175, 183 (4th Cir. 2000) (stating standard of review).

## IV

Leroy Nelson asserts that the district court erred in calculating the quantity of drugs attributable to him for sentencing purposes. The evidence presented at trial showed that Leroy Nelson was involved in the conspiracy from its beginning to when it ended with the arrests of Catra Nelson and Leroy Nelson. One witness testified that he purchased between fifteen and twenty ounces of cocaine from Leroy Nelson during the course of the conspiracy. Another witness testified that Leroy Nelson sold him cocaine and then introduced him to Catra Nelson from whom the witness bought cocaine in one-ounce quantities about once a week for five or six months. Leroy Nelson was present at least once or twice during these exchanges. This same witness traveled with the two Nelsons from Parkersburg, West Virginia, to Zaynesville, Ohio, where they met with Terry Bocook. Leroy Nelson also was in the car with Catra Nelson for the delivery of approximately one kilogram of cocaine on the day that both men were arrested. Moreover, approximately one kilogram of cocaine was seized from the trunk of a car belonging to Leroy Nelson's girlfriend shortly after the men were arrested, and Leroy Nelson had the only set of keys to that car. We find that, in light of this evidence, the district court did not clearly err by attributing to Leroy Nelson 5.81 kilograms of cocaine.

## V

Finally, Leroy Nelson and Terry Bocook argue that their sentences are illegal under *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Neither of these Defendants were sentenced above the statutory maximum provided in 21 U.S.C.A. § 841(b)(1)(C) (West 1999). Therefore, their convictions do not implicate the concerns raised in *Apprendi*. *United States v. Angle*, 230 F.3d 113, 123 (4th Cir. 2000), *pet. for reh'g filed* (4th Cir. Oct. 26, 2000) (No. 96-4662).

## VI

For these reasons, we affirm Defendants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*