**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4811**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

VAGAS DAVIS, a/k/a Vegas Gabriel Davis,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:10-cr-00309-HEH-1)

———————————

Submitted:  May 25, 2012          Decided:  June 6, 2012

———————————

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

George A. Townsend, IV, GEORGE A. TOWNSEND, IV, PLLC, Richmond,
Virginia, for Appellant.  Neil H. MacBride, United States
Attorney, Angela Mastandrea-Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Vagas Davis was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2006), and the district court sentenced him to 121 months' imprisonment. Davis appeals, arguing that the district court abused its discretion when it admitted his bank records because the records reflected daily expenses - not unexplained expenditures - and were too remote in time from the charged offense. We affirm.

"This Court reviews a district court's evidentiary ruling for abuse of discretion." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). A court abuses its discretion if its decision is based on an error of law or clearly erroneous factual findings. Id.

We conclude that the district court properly admitted Davis's bank records. "It is clear that evidence of unexplained wealth is relevant in a narcotics prosecution as evidence of illegal dealings and ill-gotten gains." United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir. 1986). Davis's bank records show substantial deposits despite the fact that Davis reported no income. The issue was not unexplained expenditures, but unexplained wealth. Further, we conclude that the records are not unduly remote as they reflected a pattern of activity that continued through the date charged in the indictment.

Moreover, despite Davis's assertion to the contrary, Davis plainly possessed the drugs for distribution.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED