**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4680

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TIMOTHY WAYNE GUESS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:10-cr-00140-MSD-TEM-1)

Argued:    May 15, 2012               Decided:  June 7, 2012

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Keith Loren Kimball, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alexandria, Virginia, Kevin Comstock, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norfolk police arrested Timothy Wayne Guess in possession of two firearms and a variety of illicit drugs. After the ensuing trial, a jury convicted Guess of ten firearm and drug-trafficking offenses. The court imposed a sentence of 460 months imprisonment. Guess now challenges some of his convictions and the resulting sentence. For the reasons that follow, we affirm.

I.

On June 23, 2010, police arrested Julie Oliva and found in her possession about one gram of methamphetamine (hereinafter "meth"). Hoping for leniency, Oliva chose to cooperate with the officers and arrange a drug buy from Guess, who had sold her meth in the past. Under police supervision, Oliva called Guess, who agreed to sell Oliva three grams of meth for $500 and arranged to meet her later that day at her apartment to complete the sale.

The officers, accompanied by Oliva, planned to intercept Guess on his way to Oliva's apartment. As they approached the apartment, however, Guess called Oliva to inform her that he had already arrived. From inside the police vehicle, Oliva identified Guess and his white pickup truck, parked nearby.

2

The officers approached Guess and, after some resistance, placed him under arrest. A search of Guess's person revealed a loaded Smith and Wesson semi-automatic pistol, $1100 in cash, and three grams of meth. The officers also found keys to the truck. A subsequent search of the truck uncovered a black Beretta semi-automatic pistol, $1435 in cash, 17.6 additional grams of meth, 14 diazepam pills, 14 amphetamine pills, 135 oxycodone pills, and various drug paraphernalia.

Based on this evidence, a grand jury indicted Guess on ten counts. Count One charged a criminal conspiracy, in violation of 21 U.S.C. § 846, with three objects: (i) to possess meth with an intent to distribute, (ii) to maintain a drug house, and (iii) to use a communication facility to commit a drug offense. Count Two charged possession with intent to distribute the meth found on Guess's person, in violation of 18 U.S.C. § 841. Counts Three through Six charged possession with intent to distribute each of the four drugs found in Guess's truck. Counts Seven and Eight charged Guess with possessing and using a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Finally, Counts Nine and Ten charged Guess with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Guess proceeded to trial on all counts. At trial, Oliva testified that she first came into contact with Guess

3

through her roommate, Kristin Post.  On one occasion, Oliva saw Post buy drugs from Guess.  On another occasion, at Oliva's request, Post used Oliva's cell phone to call Guess and arrange for Oliva to buy meth.  Post and Guess set up the transaction, which took place at Oliva's apartment.  About a week after this sale, police arrested Oliva and she began acting as an informant.  In order to arrange the sale that ultimately resulted in Guess's arrest, Oliva told Guess that she "was getting ripped off by [Post] and she wanted to go directly through [Guess] to purchase meth[]."

To put the relationship between Oliva, Post, and Guess in context, the Government presented expert testimony from Norfolk Police Investigator Nicholas Marcus.  Investigator Marcus explained that because this local meth community is "a very close-knit organized group that has a very strong element of trust," users and dealers are wary of dealing with new parties without some type of assurance.

Much of the remaining evidence at trial focused on whether Guess in fact owned the pickup truck and its contents. The Government also called four jailhouse witnesses who testified that while in Western Tidewater Regional Jail, Guess attempted to hire someone to kill Oliva in order to prevent her from testifying.  According to this testimony, Guess offered to pay "$5000 to have it done."

4

Ultimately, the jury convicted Guess on all counts. In response to special interrogatories, the jury found that Guess committed all three objects of the conspiracy charged in Count One. Under Counts Seven and Eight, the jury found that Guess violated both the use and possession prongs of § 924(c).

The district court subsequently rejected Guess's challenges to the sufficiency of the evidence as to the conspiracy charge and the two § 924(c)(1) convictions. The court agreed, however, that Guess could not be convicted of both § 922(g)(1) charges in Counts Nine and Ten. Accordingly, the court vacated Guess's conviction on Count Ten.

Guess's criminal history and an obstruction of justice enhancement yielded a Guidelines range of 97 to 121 months for Counts One through Six and Nine. Counts Seven and Eight carried a mandatory 360 month sentence, to run consecutive to the Guidelines sentence. See 18 U.S.C. § 924(c)(1)(A)(i), (C)(i). Ultimately, the district court imposed a 460 month sentence -- 360 months on Counts Seven and Eight, and 100 months on the remaining counts.

II.

On appeal, Guess renews his argument that the evidence was insufficient to convict him of the charged conspiracy. To prove conspiracy, "the Government must establish that: (1) an

5

agreement to [possess meth with an intent to distribute meth] existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).[1] "[T]he 'gravamen of the crime of conspiracy is an agreement to effectuate a criminal act.'" Id. at 857 (citation omitted). However, "[b]ecause a conspiracy is by nature 'clandestine and covert,' there rarely is direct evidence of such an agreement. As such, a conspiracy is usually proven by circumstantial evidence." United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (citation omitted).

A jury's finding of a conspiracy "'must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'" Burgos, 94 F.3d at 862 (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a

---

[1] As noted above, the jury convicted Guess of a criminal conspiracy with three different objects. Although we have serious reservations regarding the jury's finding on the final two objects -- conspiracy to maintain a drug house and to use a communication facility to commit a drug offense -- the conviction must be sustained if the evidence is sufficient with regard to any one of the charged objects. See Griffin v. United States, 502 U.S. 46, 56-57 (1991). Accordingly, we focus exclusively on the first asserted object of the conspiracy, to possess meth with an intent to distribute.

conclusion of a defendant's guilt beyond a reasonable doubt." Id.

Guess correctly notes that because Oliva acted as a "government agent," she cannot supply the necessary "agreement" to form the conspiracy. See United States v. Chase, 372 F.2d 453, 459 (4th Cir. 1967). Accordingly, the relevant agreement must derive from Guess and Kristin Post.

Guess contends that the Government's evidence merely established that Guess and Post had a buyer-seller relationship, not a conspiratorial agreement. Generally speaking, "evidence showing a buyer-seller relationship is not alone enough to establish a drug-distribution conspiracy." United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010) (citing United States v. Mills, 995 F.2d 480, 485 (4th Cir.1993)). Nevertheless, "'evidence of a buy-sell transaction is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists.'" United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011) (quoting Mills, 995 F.2d at 485 n.1).

The evidence in this case established much more than a bare buyer-seller association. The evidence established that Post bought drugs from Guess for personal use, that she sold drugs to support her habit, and that she contacted Guess to "set up [a] deal" on Oliva's behalf. Oliva described Post as "a[n] in-between" for this drug transaction. Post played a critical

7

role because, as the Government's expert witness explained, in this "close-knit" meth community, dealers and users typically only dealt with trusted parties. Accordingly, the jury could have inferred that Post vouched for Oliva to Guess, and vouched for Guess to Oliva. This inference is supported by Oliva's statement to Guess, made when acting as a police information, that she "was getting ripped off by [Post] and she wanted to go directly through [Guess] to purchase meth[]."

All of this evidence distinguishes Post and Guess's relationship from that of a mere buyer and seller, and instead suggests that Guess and Post worked together to engage a third party in the drug trade. Because a rational jury could have found beyond a reasonable doubt that Guess knowingly engaged in a conspiracy with Post to distribute and possess meth with intent to distribute, we conclude that the Government offered sufficient evidence to support Guess's conspiracy conviction.

III.

Next, Guess challenges his second conviction and sentence under 18 U.S.C. § 924(c)(1). That statute imposes severe penalties on any person who, "during and in relation to any . . . drug trafficking crime[,] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

8

In this case, the Government charged Guess with two violations of § 924(c)(1). Count Seven charged possession and use of a firearm in relation to the three grams meth intended for sale to Oliva (charged in Count Two). Count Eight charged possession and use of a firearm in relation to the various drugs found in the pickup truck (charged in Counts Three through Six). The jury convicted Guess on both § 924(c)(1) charges, specifically finding that he both "possessed" and "used" the firearm. These convictions triggered consecutive mandatory sentences of five and twenty-five years. See 18 U.S.C. § 924(c)(1)(A)(i), (C)(i).

Guess contends that he could not have been convicted and sentenced for a second § 924(c)(1) offense because he possessed the two firearms and the drugs simultaneously. Specifically, Guess argues that his second conviction is "multiplicitous" because the evidence supports only "a single offense." See United States v. Thomas, 669 F.3d 421, 425 (4th Cir. 2012). "The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment, which . . . prohibit[s] 'successive prosecutions for the same offense' as well as 'the imposition of cumulative punishments for the same offense in a single criminal trial.'" United States v. Shrader,

9

675 F.3d 300, 313 (4th Cir. 2012).  We review Guess's challenge de novo.[2]

Guess argues that the evidence did not establish "multiple, separate acts of firearm use or carriage," because he possessed the firearms simultaneously.  See United States v. Camps, 32 F.3d 102, 107-08 (4th Cir. 1994).  But Guess fails to address our controlling precedent in United States v. Khan, 461 F.3d 477, 493 (4th Cir. 2006).  In Khan, we affirmed multiple § 924(c)(1) convictions because each related to a separate underlying predicate offense.  The Khan court explained that so long as the predicate offenses are distinct for double jeopardy purposes, each can support a § 924(c)(1) charge.  Id. (quoting United States v. Blockburger, 284 U.S. 299, 304 (1932)).

Given Khan, we must conclude that Guess's § 924(c)(1) convictions and sentence are permissible.  Guess concedes that the drugs found on his person and the drugs found in his pickup were properly charged as separate offenses.  Compare United

_____

[2] We review this contention de novo even though Guess only raised the argument at sentencing, not pre-trial.  Guess does not assert that the Government could not have charged two § 924(c)(1) offenses.  Such an objection would relate to the form of the indictment and must be raised pre-trial.  See Fed. R. Crim. Proc. 12(b)(3); United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000).  Rather, Guess contends that the evidence produced at trial can only support one conviction and sentence. We consider such contentions de novo though only raised post-trial.  See Ball v. United States, 470 U.S. 856, 865 (1985); United States v. Ankeny, 502 F.3d 829, 838 (9th Cir. 2007); United States v. Abboud, 438 F.3d 554, 566-67 (6th Cir. 2006).

10

States v. Goodine, 400 F.3d 202, 209 (4th Cir. 2005) (permitting separate convictions for firearm and ammunition possession because they "were seized at different times and in different locations" based on different evidence), with United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998) (concluding possession of firearms and ammunition "seized at the same time" constituted a single offense). Guess must concede this point not only because of the physical distance between the seizures and the different evidence required to prove each possession, but also because the drugs found on Guess's person related to the prearranged sale to Oliva, while the drugs found in Guess's truck related to a future distribution. Accordingly, under our precedent, the separate underlying predicate offenses support Guess's two § 924(c)(1) convictions.[3]

---

[3] Although we affirm Guess's two § 924(c)(1) convictions on the facts of this case, we do not decide that Guess could have been convicted of more than two § 924(c)(1) offenses. In its filings and at oral argument, the Government represented that under Department of Justice policy, each § 924(c)(1) charge must relate to a separate predicate offense. Compare United States v. Camps, 32 F.3d 12 (4th Cir. 1994). Moreover, we do not necessarily decide that every separate predicate offense can sustain a separate § 924(c)(1) charge. For example, although the Government may properly charge each type of drug found in Guess's pickup in a separate count, see United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir. 1986), a separate § 924(c)(1) charge for each drug would arguably contort § 924(c)(1) beyond any reasonable application.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.