**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4018

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EMMANUEL LEE NAPPER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00060-WO-1)

Submitted:  August 29, 2024                    Decided:  September 17, 2024

Before WILKINSON and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Lindsey A. Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Emmanuel Lee Napper appeals the 23-month sentence imposed upon the revocation of his supervised release. On appeal, Napper argues that the district court erred in finding that he possessed marijuana with intent to sell or deliver, as necessary to calculate his Sentencing Guidelines policy statement range based on a Grade A violation. We affirm.

"We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (internal quotation marks omitted). When reviewing for clear error, "our task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). "This standard requires only that the existence of a fact be more probable than its nonexistence." *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (internal quotation marks omitted).

Napper asserts that the evidence presented at the revocation hearing was insufficient to support a finding that he intended to sell or deliver marijuana seized from his residence.

2

Intent to distribute a controlled substance can be inferred circumstantially "from a number of factors, including but not limited to: (1) the quantity of the drugs; (2) the packaging; (3) where the drugs are hidden; and (4) the amount of cash seized with the drugs." *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). Here, the district court relied on these and other permissible factors when inferring Napper's intent to sell or deliver the marijuana.

As the district court emphasized, Napper appeared in social media posts in possession of significant, unexplained quantities of cash in the months leading up to the seizure, at a time when he was unemployed. *See United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986) (discussing evidentiary value of unexplained cash in drug trafficking prosecution). Drug distribution paraphernalia, including scales with marijuana residue, were seized from Napper's residence on multiple occasions, and Napper admitted to quickly replacing his scale after its original seizure. *United States v. Harris*, 31 F.3d 153, 157 (4th Cir. 1994) (discussing circumstantial import of drug distribution paraphernalia); *United States v. Fisher*, 912 F.2d 728, 731 (4th Cir. 1990) (same). Although officers recovered a relatively small quantity of marijuana from Napper's residence, its manner of packaging provided additional circumstantial support for Napper's intent to sell or deliver. *See Collins*, 412 F.3d at 519; *Fisher*, 912 F.3d at 731.

Napper contends that the district court's finding relied on several arbitrary inferences. We conclude that the district court permissibly relied on the presence of inositol and its use as a cutting agent as suggestive of Napper's involvement in drug distribution. *See, e.g., United States v. Hicks*, 64 F.4th 546, 552 (4th Cir. 2023) (noting

3

presence of "inositol powder (a cutting agent)" as factor supporting jury's finding that defendant maintained place for purpose of drug distribution). Additionally, the district court acted reasonably in observing that the small quantity of marijuana seized did not undermine an inference of the intent to sell or deliver, given Napper's imminent move to another residence. At bottom, given the totality of the evidence before the district court, we conclude that the district court did not clearly err in finding that, more likely than not, Napper possessed marijuana with intent to sell or deliver.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*