4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. PITTMAN, a/k/a Joe A. Smart, Defendant-Appellant.
 No. 92-5541.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 23, 1993.
Decided: August 27, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-91-388-2)
 J. C. Powell, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James A. Pittman pled guilty to violating 18 U.S.C.A. Sec. 924(c)(1) (West Supp. 1993), carrying and using a firearm during and in relation to the commission of a drug trafficking offense. On appeal, Pittman's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting three issues but stating that, in his view, there are no meritorious issues for appeal. Pittman has filed a supplementary pro se brief raising several claims. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 The district court found that Pittman's guilty plea of carrying and using a firearm during and in relation to the commission of a drug trafficking offense was informed, voluntary, and with the effective assistance of counsel. Accordingly, the district court accepted the plea and sentenced Pittman to the statutory minimum of five years incarceration and three years of supervised release, and ordered him to pay a special assessment of $50.
 
 
 3
 Pittman's counsel questions whether the district court erred in failing to consider at sentencing both Pittman's military service, and the fact that he possessed a firearm for self-protection. Counsel also claims that the district court violated Pittman's right to a speedy trial. In his pro se brief, Pittman asserts that he was denied effective assistance of counsel.
 
 II.
 
 4
 For the first time on appeal, it is suggested that the district court erred in failing to consider Pittman's military service* during sentencing and for failing to consider that he possessed the firearm for selfprotection. Pittman waived his right to raise these issues on appeal by failing to object to the alleged sentencing errors below. United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992). Moreover, we discern no plain error-Pittman did not show exceptional circumstances warranting consideration of his military service, see United States Sentencing Commission, Guidelines Manual, Sec. 5H1.11 (Nov. 1991), and there is no evidence supporting consideration of self-defense.
 
 III.
 
 5
 Pittman also suggests that the date set by the district court for a trial of his case violated the provisions of the Speedy Trial Act, 18 U.S.C.A. Secs. 3161-3174 (West 1985 & Supp. 1993). A Speedy Trial Act claim is waived if not raised in the trial court. United States v. Ambrose, 707 F.2d 1209, 1213 (11th Cir.), cert. denied, 464 U.S. 986 (1983). Furthermore, by pleading guilty, Pittman waived nonjurisdictional claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 IV.
 
 6
 Pittman also claims that he was denied effective assistance of counsel. It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. E.g., United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991); United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir.), cert. denied, 479 U.S. 845 (1986). There is no reason here to depart from this customary practice because this is not a case where ineffectiveness is apparent from the trial record. See Grandison, 783 F.2d at 1156-57.
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.Sec. 3006A (West Supp. 1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Pittman served in the United States Marine Corps