36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Elliott BRADLEY, Defendant-Appellant.
 No. 92-5818.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 19, 1994.
Decided: September 23, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-91-165-B)
 Sean P. Devereux, Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., Asheville, North Carolina, for Appellant.
 Thomas Richard Ascik, Office of the United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Elliott Bradley appeals his conviction and sentence for assault with a dangerous weapon with intent to do bodily harm and with assault resulting in serious bodily injury in violation of 18 U.S.C. Sec. 113 (1988).[1] On appeal, Bradley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting one issue but stating that, in his view, there are no meritorious issues for appeal. Bradley has been notified of his right to file a supplemental brief but has not filed any brief. The government has not filed a brief and requests that the Court determine the appeal on Bradley's brief without further briefing or oral argument. After a thorough review of the brief and the record, we affirm.
 
 
 2
 * The evidence at trial demonstrated that Bradley spent one afternoon socializing with William Bayne Lambert, Daniel Robert Seay, Anthony Dirk Welch, Edith Taylor, and Angela Mitchell. Later that evening, Edith Taylor drove the group to the home of David Dennis Taylor, which is located on the Cherokee Indian Reservation.
 
 
 3
 Because most of the individuals had been drinking, David Taylor asked the visitors to leave. After Bradley refused to leave, Lambert attempted to force Bradley into the car. Whereupon, Bradley drew a knife and cut Lambert and Seay.
 
 
 4
 Although Bradley did not put on any evidence, counsel argued that Bradley acted in self-defense and should be found not guilty based on Taylor's testimony that Bradley had come to the porch and asked for assistance.
 
 
 5
 The jury found Bradley guilty on Counts One and Two--assaulting Lambert with a dangerous weapon with intent to do bodily harm and assaulting Lambert which resulted in serious bodily injury.
 
 
 6
 With an Offense Level of 22 and a Criminal History Category of II, the district court sentenced Bradley to forty-six months of imprisonment and three years of supervised release on each count, running concurrently. The district court also ordered Bradley to pay a special assessment of $100. Bradley appealed.
 
 
 7
 Bradley's attorney has filed an Anders[2] brief in which he notes that pertinent witnesses were not called to testify on Bradley's behalf.
 
 II
 
 8
 To the extent that there is a suggestion that Bradley received ineffective assistance of counsel, it is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C.Sec. 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. E.g., United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). Because this is not a case where ineffectiveness is apparent from the trial record itself, see Grandison, 783 F.2d at 1156-57, there is no reason here to depart from this customary practice.
 
 
 9
 To the extent that there is a suggestion that there was newly discovered evidence, he must first move for a new trial in the district court where he was convicted. See Fed.R.Crim.P. 33.
 
 
 10
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.Sec. 3006A (West Supp.
 
 
 11
 1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 12
 We grant the government's motion to determine the appeal on Bradley's brief without further briefing. We affirm his conviction and we dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Bradley was charged in a three-count indictment
 
 
 [2]
 Anders v. California, 386 U.S. 738 (1967)