37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas E. DUNN, Defendant-Appellant.
 No. 93-5497.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-93-6-NN)
 Thomas E. Dunn, Appellant Pro Se. Priscilla M. Lewis, United States Attorney's Office, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Dunn appeals his thirty-eight month sentence imposed pursuant to his guilty plea to violations of 21 U.S.C. Sec. 856(a)(2) (1988) and 7 U.S.C. Sec. 2024(b) (1988). The district court denied Dunn's motion to proceed as a pauper and Dunn has waived his right to counsel on appeal. Dunn first argues that his guilty plea was not entered on an adequate factual basis. See Fed.R.Crim.P. 11(f). This claim is refuted by the record. Dunn signed a sufficient stipulation of the factual basis which was attached to the plea agreement. Further, at his Fed.R.Crim.P. 11 hearing, Dunn agreed that his plea was supported by a sufficient factual basis when the district court referred to the stipulation of facts. Accordingly, there was no violation of Rule 11 on the part of the district court in accepting Dunn's guilty plea.
 
 
 2
 Dunn also challenges his sentence, claiming primarily that the district court misapplied various sections of the sentencing guidelines. Dunn's plea agreement contains a waiver of his right to appeal any sentence within the statutory maximum. Such waiver agreements are valid, United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990), provided they are knowing and voluntary. United States v. Wessells, 936 F.2d 165, 167 (4th Cir.1991). The record reflects that Dunn's waiver was knowing and voluntary. Dunn's sentence of thirty-eight months in prison was less than the forty-one month maximum available to the court under the guidelines and falls within the statutory maximum. Therefore, Dunn has waived his right to appeal this sentence and this portion of his appeal must be dismissed.
 
 
 3
 Finally, Dunn claims that his counsel was ineffective. A claim of ineffective assistance of counsel is not appropriate for direct appeal unless counsel's ineffectiveness conclusively appears from the record. See United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). No such ineffectiveness is evident in this case. Consequently, the district court's judgment must stand, and the sentence must be affirmed.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 *
 Dunn's motion for transcripts of his plea and sentencing hearing is denied. Because he is not proceeding in forma pauperis, he was advised how to order the transcripts but has failed to make the necessary arrangements