39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance BLUE, Defendant-Appellant.
 No. 92-5618.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 5, 1994.
Decided Oct. 26, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-91-79)
 Robert L. Cooper, Cooper, Davis & Cooper, Fayetteville, NC, for Appellant.
 Tracy David Knox, Office of The Staff Judge Advocate, Fort Bragg, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terrance Lamont Blue was convicted and sentenced for distributing cocaine in violation of 21 U.S.C. Sec. 841 (1988) and for aiding and abetting another to commit said offense in violation of 18 U.S.C. Sec. 2 (1988). On appeal, Blue's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting one issue but stating that, in his view, there are no meritorious issues for appeal. Blue has filed a supplementary pro se brief raising several additional claims.[1] After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 * The evidence at trial demonstrated that Blue distributed cocaine in Fayetteville, North Carolina. Byron Keith Tonic, a military policeman with the United States Army, testifying for the government, stated that he conducted a surveillance of certain drug activities on Fleishman Street. Based upon his own observations and information from a confidential source, Tonic organized controlled purchases of drugs from a person known as "Peanut" at 125 Fleishman Street. He stated that when he was speaking with Peanut he noticed that Peanut had teeth missing. In court, Tonic identified Blue as that individual. Tonic testified that on one occasion, he approached Peanut and requested an eighth of an ounce of cocaine. Peanut informed Tonic that he did not have that much cocaine on him and instructed Tonic to wait on the side of the house. Peanut then went to a car, removed a bag, and handed it to another person. This person exchanged the cocaine with Tonic for $220.
 
 
 3
 In addition, Tonic testified that he again went to Fleishman Street, this time dressed in his military uniform. Because Peanut was not there, Tonic left and returned twenty minutes later. Tonic met with Peanut, requested an "eightball" of cocaine but settled for two "slabs" of cocaine. Tonic testified that he paid Peanut $220.
 
 
 4
 On cross-examination, Tonic admitted that Peanut never identified himself as "Terrance Blue." Tonic also stated that he identified Peanut as Blue when he was shown a picture after Blue's arrest. Tonic denied accusing another individual of being Peanut on a separate occasion.
 
 
 5
 Defense witness Valerie Allen, Blue's girlfriend, testified that she had never heard Blue referred to as Peanut and that she had never seen him wear a beeper. Blue's mother testified that Blue's street name was "He-man" and that his nickname was "Brett." Valerie Allen's brother, Antonio Allen, testified that his street name was "Peanut" and that he had never sold drugs. None of the defense witnesses could account for Blue's whereabouts on the evenings of the drug purchases.
 
 
 6
 The jury returned a verdict of guilty on both counts. Finding that Blue was an organizer pursuant to section 3B1.1(c),[2] the court imposed a two-level enhancement. The court sentenced Blue to ninety-seven months of imprisonment and thirty-six months of supervised release.
 
 
 7
 Blue's attorney has filed an Anders brief in which he notes that there is a possible argument that there is insufficient evidence of Blue's guilt. Blue has filed a supplemental brief in which he asserts numerous issues of error: (1) the government's witness improperly identified him; (2) he was denied effective assistance of counsel; (3) the prosecutor improperly vouched for the credibility of a witness; (4) the government failed to disclose the identity of its informant; and (5) the district court erred by increasing his sentence by two levels for his role in the offense. Finding no error, we affirm the conviction and sentence.
 
 II
 
 8
 In viewing the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982), and according the benefit of all reasonable inferences to the government, Tresvant, 677 F.2d at 1021, we find sufficient evidence that Blue distributed cocaine and aided and abetted another to commit said offense. Military Policeman Tonic testified that he bought cocaine from Peanut on numerous occasions. Tonic also identified Blue in court. Accordingly, a rational trier of fact could have found Blue guilty beyond a reasonable doubt.
 
 III
 
 9
 Blue alleges that his due process rights were violated by a suggestive photo identification. We disagree. Because he failed to object to the identification at trial, he is only entitled to review for plain error. United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993). Relief is available only if Blue can show that the alleged improper identification would have affected the outcome and that it seriously affected the fairness and integrity of the proceedings. Id. Given the state of the evidence relating to identification of Blue, there is no indication that the outcome would have been any different.
 
 
 10
 In addition, even if he had properly preserved this issue for appellate review, it is meritless. Contrary to Blue's claim, the record shows that the witness had ample opportunity to view him and was certain in his identification. Thus, there is no basis to believe the identification was unreliable. Manson v. Brathwaite, 432 U.S. 98, 114-17 (1977).
 
 IV
 
 11
 Blue also alleges that he was denied effective assistance of counsel. It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. E.g., United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). There is no reason here to depart from this customary practice, because this is not a case where ineffectiveness is apparent from the trial record itself. See Grandison, 783 F.2d at 1156-57.
 
 V
 
 12
 Blue asserts that the government violated Brady v. Maryland, 373 U.S. 83 (1962), by failing to disclose the identity of an informant prior to trial. Blue alleges, in conclusory fashion, that the informant would have admitted that Blue was not Peanut. Finding that mere speculation about the usefulness of disclosing the informant's identity is not sufficient grounds for reversal, United States v. Mabry, 953 F.2d 127, 132 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3780 (U.S.1992), we affirm.
 
 VI
 
 13
 Blue alleges that the prosecutor engaged in misconduct by making inflammatory and unduly prejudicial remarks during closing argument.[3] We review remarks not objected to for plain error. United States v. Mitchell, 1 F.3d 235, 239 (4th Cir.1993). We have reviewed the disputed comments and find that the comments were proper. See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984). Moreover, even if we discerned any errors, they certainly did not affect Blue's substantial rights. Olano, 61 U.S.L.W. at 4424. Accordingly, this claim is meritless.
 
 VII
 
 14
 Finally, Blue contests the application of the "organizer or leader" enhancement. Our review of the evidence shows that the assessment of the section 3B1.1(c)[4] enhancement was not clearly erroneous. United States v. Arnoldt, 947 F.2d 1120, 1128 (4th Cir.1991) (standard of review), cert. denied, 60 U.S.L.W. 3716 (U.S.1992).
 
 
 15
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A. Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 16
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We grant Blue's motion to file a pro se supplemental brief
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c) (Nov.1991). Blue was sentenced August 21, 1992
 
 
 [3]
 Blue questions comments which allegedly bolstered the credibility of the prosecution's witness
 
 
 [4]
 United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c) (Nov.1991). Blue was sentenced August 21, 1992