**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4044

JAMES ROBINSON, a/k/a Sean Lee,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-51)

Submitted: June 10, 1997

Decided: June 27, 1997

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Mark Burnette, Lewisburg, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Monica K. Schwartz, Assistant
United States Attorney, Michael L. Keller, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Robinson pled guilty, pursuant to a written plea agreement, to aiding and abetting possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). The district court held an evidentiary sentencing hearing and sentenced Robinson to 293 months of imprisonment. Robinson raises several issues on appeal relating to his sentence. Finding no error, we affirm.

In January 1994, Robinson began making a series of trips to New York City to purchase drugs, accompanied by Bandele Jones and Angelo White. Robinson and Jones acted as partners and combined their money to make drug purchases in larger volume.

Robinson made four to five trips to New York City to buy crack cocaine. Robinson and Jones purchased approximately eight ounces each on each trip. Robinson and Jones would purchase crack for White when White did not accompany Robinson and Jones to New York City and transport it back to West Virginia.

In March 1995, Robinson, Jones, White, and Frank Fazio were in New York City to make a drug buy. In Robinson's presence, White and Fazio purchased $7000 worth of crack from a dealer named Mark. The group returned the next day to receive delivery from Mark. Out of Robinson's presence, Jones taped the drugs to Fazio's chest to hide them. The group flew back to Charleston and local authorities apprehended Fazio. Police also stopped White. White made statements implicating Robinson and Jones, and repeated essentially the same information at each debriefing session.

At the sentencing hearing, the Government presented the testimony of White and Fazio, as well as that of two detectives. Robinson made several objections to the presentence report (PSR) disputing factual information regarding the March 1995 trip to New York City and the number of trips that he made. Robinson also disputed the amount of drugs attributed to him. With the exception of finding that one

Thanksgiving trip did not occur, the district court credited the Government's evidence. The district court denied Robinson credit for acceptance of responsibility because Robinson denied, by challenging the PSR findings, the extent of his involvement with Jones, the amount of drugs attributed to him, and the number of trips he made.

The district court found that with an offense level of 38 and a criminal history category of I, Robinson's guidelines imprisonment range was 235 to 293 months. Without further objection from defense counsel, the district court sentenced Robinson at the top of the range to 293 months.

The district court determined Robinson's sentence by attributing the full quantity of drugs implicated in the "same course of conduct" or "common scheme or plan" as the offense of conviction, as allowed under USSG § 1B1.3(a) (Nov. 1995). The court applied the concept of relevant conduct. Robinson did not object at sentencing to the application of § 1B1.3. Robinson argues on appeal that the concept of relevant conduct is both unconstitutional and promulgated by the Sentencing Commission in an act beyond its lawful authority.

Because Robinson did not object during the district court proceedings to the application of relevant conduct or advance the theory he now presents on appeal, this court reviews the issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). This court has repeatedly upheld the application of the relevant conduct concept. See United States v. Dorlouis, 107 F.3d 248, 256-57 (4th Cir. 1997). We find that this is a frivolous issue.

Robinson argues that the district court failed to follow the mandate of 18 U.S.C. § 3553(c)(1), which provides that"[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence-- [has a] range [that] exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(l) (1994). The Government concedes that the district court failed to give any explanation for sentencing Robinson to the high end of the guideline range, but argues that this court lacks jurisdiction to address the issue because there was no legal error in imposing the sentence, and Robinson cannot demonstrate plain error or prejudice from the omission.

3

The review of sentences is limited to sentences "imposed in violation of law" or those "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1)-(2) (1994). In United States v. Jones, 18 F.3d 1145, 1151 n.4 (4th Cir. 1994), this court reserved the question of reviewability of a failure to explain reasons under § 3553(c)(1). Even assuming arguendo that the district court's failure to explain its reasons is reviewable, because Robinson did not object or request an explanation at sentencing, the court's failure to explain its reasons could only be reversed for plain error. Because it is not apparent that the court committed error at all (although the sentence is at the high end of the guideline range, it is a lawful sentence within the range), and because, in any event, the alleged error does not affect substantial rights or seriously affect the fairness and integrity of judicial proceedings, we find that the district court did not commit plain error warranting correction.

Robinson makes several arguments regarding the amount of drugs the district court attributed to him as relevant conduct. Robinson first argues that the district court improperly credited the Government's evidence at sentencing regarding relevant conduct merely because Robinson did not testify. The record does not support this contention.

Next, Robinson argues that the district court should have allowed him to testify at the sentencing hearing on the limited issue of relevant conduct. This court reviews district court evidentiary rulings for abuse of discretion, and will not find error in the ruling unless the district court acted arbitrarily or irrationally. See United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993). We find that the district court did not abuse its discretion in sustaining the Government's objection to Robinson's proffer of testimony for the limited purpose of disputing a factual issue in the presentence report.

Robinson also argues that the district court improperly relied upon evidence adduced at Jones's trial, in violation of his Sixth Amendment right to confront witnesses. The record reveals that the district court stated that White's testimony at the sentencing hearing was credible in light of its familiarity with the proceedings and the participants in the offense. Because Robinson had the opportunity to cross-examine White at the sentencing hearing, and counsel rigorously

4

examined White, we find that the district court did not violate Robinson's Sixth Amendment right to confrontation of witnesses.

Finally, Robinson contends that there was insufficient evidence to support the district court's finding that drug purchases made by White, Jones, Fazio, and Robinson were relevant conduct and the amount of purchases could be attributed to Robinson. The district court's factual findings are reviewed under the clearly erroneous standard, while its interpretation of guideline terms is reviewed de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). District courts may take "relevant conduct" into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The court must establish the amount of drugs attributable to a defendant for sentencing purposes by a preponderance of the evidence. See United States v. Irvin, 2 F.3d 72, 75 (4th Cir. 1993). Whether the government has met its burden of proof is a question of fact reviewed for clear error. See Jones, 31 F.3d at 1316 (citing Daughtrey, 874 F.2d at 217). In drug offenses where the defendant is acting in concert with others, his relevant conduct includes all his own acts and the reasonably foreseeable acts of others which were part of the same course of conduct or common scheme or plan as the offense of conviction. See USSG § 1B1.3(a)(2). In determining whether uncharged conduct is part of the same course of conduct as the offense of conviction, the court looks to the nature of the defendant's acts, his role, and the number and frequency of those acts, as well as the similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct. See United States v. Mullins , 971 F.2d 1138, 1143-44 (4th Cir. 1992); see also USSG § 1B1.3, comment. (n.9(B)).

Robinson urges the court to adopt a bright line rule that the Government must provide corroborating evidence when relying upon the testimony of a co-conspirator. This court has expressly held the opposite. The court may rely upon the uncorroborated testimony of a co-conspirator in determining a defendant's relevant conduct. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). In determining the quantity of drugs attributable to Robinson, the district court relied upon a detailed presentence investigation and heard testimony from

5

White and Fazio. We find that the district court did not clearly err in its determination of drug quantity attributable to Robinson.

The PSR recommended a reduction for acceptance of responsibility. The district court decided not to award an acceptance of responsibility reduction because Robinson disputed several factual issues in the PSR that amounted to a denial of factual guilt. The determination of whether a defendant has accepted responsibility under USSG § 3E1.1 is a finding of fact which, absent a showing of clear error, should not be reversed. See United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).

Robinson argues that he did not deny or frivolously contest relevant conduct. We find that the district court properly attributed the objections to the PSR filed by Robinson's defense counsel to Robinson. These objections sought to minimize Robinson's involvement with Jones and White and disputed most of the factual issues regarding relevant conduct. We therefore find that the district court did not clearly err in denying Robinson a reduction for acceptance of responsibility.

Robinson argues that the amount of drugs attributable to him and the point in the guideline sentencing range where he was sentenced should be similar to those determinations for White and Fazio. This court has recognized that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of co-defendants. See United States v. Ellis, 975 F.2d 1061, 1065-66 (4th Cir. 1992); United States v. Kant, 946 F.2d 267, 270 n.3 (4th Cir. 1991). This claim is therefore not cognizable.

Robinson also alleges that the sentence he received was disproportionate to the crime and therefore a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Robinson relies upon Solem v. Helm, 463 U.S. 277 (1983), which held that the Eighth Amendment prohibits sentences that are disproportionate to the crime committed. The district court attributed a total weight of cocaine base of 2,908.45 grams and total amount of cocaine powder of 59.8 grams. Robinson received a 293 month term of imprisonment.

This court has held that the imposition of a life sentence for the distribution of more than fifty grams of cocaine base is not unlawful

6

under the test announced in Solem or the Eighth Amendment. See United States v. D'Anjou, 16 F.3d 604, 612-14 (4th Cir. 1994). Robinson received a lesser offense than the defendant in D'Anjou. Although D'Anjou actually distributed over five kilograms of crack, we still find that Robinson's sentence is not unconstitutional.

On appeal, Robinson raises a claim of ineffective assistance of his trial counsel. He alleges that his trial attorney's performance at sentencing was obviously ineffective because she failed to adequately impeach White, the Government's main witness, by using prior inconsistent statements. Generally, claims of ineffective assistance of counsel must first be presented to the district court in the form of a habeas motion. See United States v. Grandison , 783 F.2d 1152, 1156 (4th Cir. 1986). The issue of ineffective assistance of counsel is only cognizable on direct appeal if it appears conclusively from the record that counsel failed to provide effective representation. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).

The record reflects that Robinson's trial counsel actively cross-examined White. She also presented the testimony of another witness to contradict White's testimony. She was also successful in persuading the court to remove one drug buying trip from the consideration of relevant conduct. We find that nothing in the record conclusively demonstrates a lack of adequate representation.

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED