**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4214**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROCKY DOUGLAS IDLEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:17-cr-00015-JPB-MJA-2)

Submitted:  March 29, 2021                       Decided:  April 5, 2021

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  William J. Powell, United States Attorney, Wheeling, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rocky Douglas Idleman appeals his life sentence and convictions for conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846, distribution of methamphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(C), two counts of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He challenges the denial of his motion to suppress, the admission of certain evidence, and the procedural and substantive reasonableness of his sentence. We affirm.

I.

Idleman first argues that the district court erred in denying his motion to suppress evidence obtained during a traffic stop that followed a controlled purchase of methamphetamine. When considering a district court's denial of a suppression motion, "we review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (citation and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *Id.* (internal quotation marks omitted). "The degree to which the police may rely on a tip to establish reasonable suspicion depends on the tipster's veracity, reliability, and basis of knowledge." *United States v. Kehoe*, 893 F.3d 232, 238 (4th Cir. 2018).

2

We conclude that law enforcement properly relied on the informant's information in stopping Idleman's truck after the controlled buy. First, the informant's identity was known to law enforcement, and agents had numerous opportunities to observe her demeanor and assess her credibility. *See id.* ("[C]ourts generally presume that a citizen-informant or a victim who discloses . . . her identity and basis of knowledge to the police is both reliable and credible."). Second, law enforcement corroborated her statements as the events unfolded, bolstering her credibility.

Idleman also asserts that the use of a drug dog sniff unreasonably prolonged the traffic stop. The district court, however, declined to reach this issue, having concluded that, based on the totality of the circumstances, officers had probable cause to stop and search Idleman's vehicle. In any event, there was no Fourth Amendment violation as the use of a drug dog within five minutes of initiating the stop did not unduly prolong the stop. *See Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Accordingly, we conclude that the district court properly denied Idleman's suppression motion.

## II.

Idleman next contends that the district court abused its discretion by admitting Government's Exhibit 28B. "We review a district court's evidentiary rulings for abuse of discretion, and such rulings are subject to harmless error review under Federal Rule of Criminal Procedure 52." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). A witness may testify about a relevant matter if the witness' testimony is based on personal knowledge. Fed. R. Evid. 401-402, 602. Drug proceeds are relevant in a narcotics prosecution. *See, e.g.*, *United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986).

3

Here, the witness had personal knowledge of the challenged exhibit, a photograph that depicted relevant evidence of narcotics proceeds. The district court therefore did not abuse its discretion in admitting the exhibit.

Because Idleman has not shown error in the denial of the motion to suppress or the admission of the exhibit, his cumulative error argument fails. We therefore uphold Idleman's convictions on appeal.

III.

Next, Idleman challenges his life sentence as procedurally and substantively unreasonable. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.*

A.

Idleman contends that the district court erred by attributing to him between 1.5 kilograms and 4.5 kilograms of "Ice." *See* U.S. Sentencing Guidelines Manual § 2D1.1(c), n.(C) (2018). "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). "When determining

4

facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). In addition, "[f]or sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011).

In this case, the Drug Enforcement Administration tested a small amount of methamphetamine Idleman sold and determined its purity to be 99%. Although the amount tested was not a large percentage of the total quantity of methamphetamine Idleman sold, trial testimony established the consistency of methamphetamine throughout the duration of Idleman's narcotics dealing. The testimony also established that Idleman was responsible for at least 1.5 kilograms of methamphetamine. Accordingly, the district court's drug quantity calculation was not clear error.

## B.

Idleman also asserts that the district court erred in applying a two-level enhancement for using violence, making a credible threat of violence, or directing the use of violence, a two-level enhancement for witness intimidation, and a four-level enhancement for being a leader or organizer. *See* USSG §§ 2D1.1(b)(2), (16)(D), 3B1.1(a). In reviewing the district court's factual findings for clear error in the sentencing context, "we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the

5

evidence." *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir.), *cert. denied*, 141 S. Ct. 638 (2020); *see United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (stating standard of review). Reviewing the trial testimony and the district court's determinations, particularly its credibility determinations, we discern no error in the district court's application of these enhancements.

C.

Idleman argues that the district court neglected to consider the 18 U.S.C. § 3553(a) sentencing factors in announcing the sentence and failed to respond to counsel's nonfrivolous arguments for a different sentence. We disagree. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). In explaining the chosen sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (brackets and internal quotation marks omitted). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (brackets and internal quotation marks omitted). Where the court "fully addresse[d the defendant's] central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its

behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). Nonetheless, a district court's failure to give "specific attention to . . . nonfrivolous arguments . . . result[s] in a procedurally unreasonable sentence." *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (citation and internal quotation marks omitted).

Here the district court considered the nature and circumstances of the offense, Idleman's history and characteristics, the need for deterrence, and the need to protect the public. Although the district court did not explicitly address Idleman's argument that his sentence created an unwarranted disparity with the sentences of his codefendants, the court explained that Idleman had a leadership role in the conspiracy and committed numerous acts of violence, circumstances that distinguished Idleman from his codefendants. In so doing, the district court appropriately responded to Idleman's "central thesis" that he was only as culpable as his codefendants. Idleman's remaining arguments do not merit resentencing. Because the district court accurately calculated Idleman's advisory Guidelines range, provided an individualized assessment of the facts before it, and sufficiently responded to Idleman's nonfrivolous arguments, Idleman's sentence is procedurally reasonable.

IV.

Finally, Idleman asserts that his sentence is substantively unreasonable. "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3353(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir.) (internal quotation marks omitted),

*cert. denied*, 141 S. Ct. 382 (2020); *see also Gall*, 552 U.S. at 59-60 (recognizing that appellate court must "give[] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Upon review of the record, we conclude that Idleman has failed to rebut the presumption that his sentence is substantively reasonable, and that the district court did not abuse its discretion in deciding that the § 3553(a) factors, on the whole, justified a sentence within the advisory Guidelines range established by the court. Idleman's sentence is therefore substantively reasonable.

Accordingly, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*